399 P.2d 189

**BOGARD GMC COMPANY, Inc., an Arizona corporation, Appellant,**

v.

**Robert A. ABRIL (Defendant and Third-Party Plaintiff) and Walter A. SHIVERS and Edian P. Shivers, husband and wife, and Gene B. Stowe and Jane Doe Stowe, husband and wife (Third-Party Defendants), Appellees.**

**No. 2 CA–CIV 31.**

Court of Appeals of Arizona.

Feb. 19, 1965.

Murphy & Vinson, by John U. Vinson, Tucson, for appellant.

Edward J. Valeski, Tucson, for defendant and third-party plaintiff, appellee.

HATHAWAY, Judge.

The appellant, Bogard, instituted an action in Superior Court in 1961 against Abril, the appellee, to recover a deficiency allegedly due under the terms of a conditional sales contract. Abril filed an answer to the complaint and also a third-party complaint against the Shivers and the Stowes.

Defendant Abril was subsequently granted summary judgment pursuant to A.R.C.P. Rule 56(c), 16 A.R.S. Since plaintiff published the notice of sale required under A.R.S. § 44–319[1] only once, the trial court held the publication of notice insufficient, thereby barring plaintiff from recovery of a deficiency judgment. Plaintiff assigns as error (1) the trial court's holding that the provisions of A.R.S. § 39–204 were applicable to A.R.S. § 44–319, and (2) the trial court's holding that more than a single newspaper publication was required by A.R.S. § 44–319.

The parties agree there was only one publication of the notice of sale at least five days prior to the sale. This court must decide if a single publication timely made satisfies the requirements of A.R.S. § 44–319. The pertinent 1961 statutes provided:

A.R.S. § 44–319:

" * * * If at the time of the retaking five hundred dollars or more has been paid on the purchase price, the seller shall also give notice of the sale at least five days before the sale by one publication in a newspaper published or having a general circulation within the filing district where the goods are to be sold."

A.R.S. § 39–204:

"A. When publication of a notice in a newspaper is directed or authorized by law, it shall be in a newspaper of general circulation printed in English. "B. If the number of times the notice is to be published is not specified, publication shall be:

"1. If in a weekly newspaper, once each week for four consecutive weeks, with not less than twenty days intervening between the first and last publication.

"2. If in a daily newspaper, six consecutive times. "C. * * *"

A.R.S. § 44–319 is silent on the number of times the notice of sale is to be published. It simply directs the method of giving notice is by publication, to be accomplished at least five days before the sale.

▮ Plaintiff vigorously contends that the single publication was sufficient. We disagree with plaintiff. Since publication of notice in a newspaper is directed by law, and since the number of times the notice is to be published is not specified in A.R.S. § 44–319, we are governed by A.R.S. § 39–204. It is well settled that all statutes are to be construed together. National Surety Co. v. Conway, 43 Ariz. 480, 485, 33 P.2d 276 (1933); City of Mesa v. Salt River Project Agr. Imp. & Power Dist., 92 Ariz. 91, 105, 373 P.2d 722 (1962).

The validity of a condemnation sale was challenged in a 1958 Wyoming case, Town of City of Newcastle v. Toomey, 78 Wyo. 432, 329 P.2d 264, 76 A.L.R.2d 525, 531. The Wyoming court held that when notice by publication is permitted under a condemnation statute, such statute must be construed in connection with other statutes designating requirements to be met when notice by publication is permitted.

▮ In the case at bar, failure of the plaintiff to fully comply with the statutory resale provisions invalidated the sale and barred the plaintiff from procuring a deficiency judgment. A.R.S. § 44–323, Commercial Credit Co. v. Phoenix Hudson-Essex, Inc., 33 Ariz. 56, 61, 262 P. 1 (1927). The result would be different if such a resale took place today. The Legislature in 1963 amended A.R.S. § 44–319 by specifying one publication of the notice of sale is required. The trial court, however, properly granted summary judgment to de-

---

1. Part of the Uniform Conditional Sales Act as enacted in Arizona. The present statute governing compulsory resale by a seller has amended the prior statute and all quotations and references herein are from the law as it was at the time relevant to this case.

fendant Abril under the statutes controlling in 1961.

Judgment affirmed.

MOLLOY and LEE GARRETT, JJ., concurring.

Chief Judge HERBERT F. KRUCKER unable to be present, the Honorable LEE GARRETT, Judge of Superior Court, Pima County, was called to sit in his stead.